UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 17-095-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 20-135-DCR |
| ) | |
| MARCELLA LORENZO DUNBAR, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marcella Lorenzo Dunbar has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that the Court committed a sentencing error when it applied two sentencing enhancements and improperly counted prior sentences separately in determining his criminal history score. [Record No. 106] His motion was referred to United States Magistrate Judge Hanly A. Ingram for the issuance of a recommendation. Magistrate Judge Ingram issued an original Recommended Disposition, recommending dismissal of the petition because Dunbar failed to sign it. Dunbar then filed an amended petition that included his signature. [Record No. 110] Thereafter, Magistrate Judge Ingram filed a second Recommended Disposition, recommending that Dunbar's petition be denied because the waiver provision of his plea agreement barred his claims, but even if the claims were generously construed as ineffective assistance of counsel claims, Dunbar cannot show that he is entitled to relief. [Record No. 112]

This Court must make a *de novo* determination of those portions of the magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Dunbar has not filed any timely objections.

The Court has considered the record and the Recommended Disposition and concludes that the petition should be denied because Dunbar's claims are barred by the waiver provision in his plea agreement.

I.

On December 30, 2017, Dunbar pleaded guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [Record No. 42] He was sentenced to 105 months imprisonment on both counts to run concurrently. [Record No. 64] His plea agreement included a waiver of the right to appeal his guilty plea and conviction unless the length of imprisonment exceeded the advisory sentencing guidelines. [Record No. 43] Dunbar also waived the right to collaterally attack his guilty plea, conviction, and sentence except for claims of ineffective assistance of counsel. [*Id.*]

Dunbar filed an appeal. Thereafter, the government moved to dismiss his appeal because of the waiver provision included in his plea agreement. The United States Court of Appeals for the Sixth Circuit concluded that the defendant's knowing and voluntary waiver of his right to appeal and his plea colloquy complied with Rule 11 of the Federal Rules of

Criminal Procedure. [Record No. 101] Dunbar's appeal was dismissed because it did not fall within the narrow exception to the waiver provision included in his plea agreement.

As noted above, Dunbar has filed a petition under 28 U.S.C. § 2255, asserting that the Court erred when it applied two sentencing enhancements and calculating his criminal history. [Record No. 106] After conducting an initial review under Rule 4 of the Rules Governing Section 2255 Proceedings, Magistrate Judge Ingram issued an order, explaining that Dunbar's motion did not comply with Rule 2 because his petition was not signed under the penalty of perjury. [Record No. 108] He directed the Clerk of the Court to serve a copy of his petition, the order, and the standard form (AO-243) for requesting habeas relief. Magistrate Judge Ingram directed that Dunbar submit his corrected motion by May 1, 2020. If he failed to comply, the magistrate judge indicated that he would recommend dismissal of the petition.

Dunbar did not file an updated motion. As a result, Magistrate Judge Ingram recommended that the motion be dismissed and that no Certificate of Appealability issue. [Record No. 109] The parties were given fourteen days to file objections to the Recommended Disposition. Dunbar then filed an amended petition that included his signature during the fourteen-day objection period. [Record No. 110]

Dunbar's petition asserts that the Court improperly applied the enhancement under United States Sentencing Guidelines ("U.S.S.G") § 3C1.1 for obstructing or impeding justice. According to Dunbar, his conduct did not obstruct or impede the administration of justice when the police arrested him. He further contends that the Court erred when it treated two prior criminal cases that were resolved the same day as two separate sentences for

purposes of calculating his criminal history. [Record No. 110, p. 3] Additionally, Dunbar contends that the two-point enhancement for the presence of a firearm under U.S.S.G. § 2B1.1 should be removed.

Magistrate Judge Ingram has recommended that Dunbar's petition be dismissed. First, he notes that the waiver provision contained in the plea agreement bars claims except those based on alleged ineffective assistance of counsel. Magistrate Judge Ingram then proceeds to generously interpret Dunbar's motion as alleging claims of ineffective assistance of counsel.

## II.

A movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to prevail on a claim under 28 U.S.C. § 2255. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Miller v. United States,* 562 F. App'x 485, 490 (6th Cir. 2014) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Dunbar's three main claims are precluded by the waiver provision contained in his plea agreement. Two of the claims challenge application of certain sentencing enhancements and the third relates to two convictions used in calculating Dunbar's criminal history score. Dunbar waived the right to collaterally attack his guilty plea except for a claim of ineffective assistance of counsel. [Record No. 43] A defendant may waive his right to collaterally attack his guilty plea, conviction, and sentence, provided that his plea is knowing and voluntary.

*See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). "Complying with the provisions of Rule 11 is enough to demonstrate that the defendant entered into a waiver knowingly, voluntarily, and intelligently." *United States v. Vice*, No. 5: 11-152-DCR, 2014 U.S. Dist. LEXIS 34018, at *8 (E.D. Ky. Mar. 17, 2014) (citing *United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006)).

Here, Dunbar's plea was knowing and voluntary. The Court discussed the waiver of his right to collaterally attack his guilty plea during his re-arraignment hearing, Dunbar affirmed that he had reviewed his plea agreement with counsel and agreed that he understood the waiver provision. [Record No. 100] Further, the Sixth Circuit agreed that his plea colloquy comported with Rule 11 of the Federal Rules of Criminal Procedure and his waiver was voluntary. [Record No. 101] None of his three overarching claims falls into the exception to the waiver provision for claims of ineffective assistance of counsel. Accordingly, these claims are precluded by the waiver provision of his plea agreement.

Dunbar mentions in passing that his counsel was ineffective for failing to retrieve certain documents related to his former convictions used to calculate his criminal history score. A defendant's right to effective assistance of counsel is violated when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). But counsel was not deficient for "failing to retrieve" these documents because the record indicates that both

counsel and the government possessed the relevant documents and discussed them during the sentencing hearing. [Record No. 83, pp. 16-25]

It was unnecessary for Magistrate Judge Ingram to generously interpret his three main claims as ineffective assistance of counsel claims, but his conclusions were correct. Dunbar cannot show that counsel's performance was deficient because counsel objected to the obstruction of justice enhancement and to treating the two Michigan arrests for home invasion as two separate sentences and argued against both in his sentencing memorandum. Further, any objection to the firearm enhancement would have been futile. *See United States v. Jennings*, No. 2:06-79-DCR, 2011 U.S. Dist. LEXIS 63741 (E.D. Ky. June 14, 2011) ("Failure to raise meritless arguments does not constitute ineffective assistance of counsel.").

In summary, Dunbar's claims are barred by the waiver provision, except for the brief mention that his counsel was ineffective for failing to retrieve certain documents. However, counsel possessed the relevant documents that Dunbar asserts he did not retrieve. Accordingly, his petition will be denied.

### III.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on a procedural ruling, the defendant must demonstrate that reasonable jurists would find it debatable whether the district court was correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, when a § 2255 is denied on the merits, the defendant must

show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

It is clear that Dunbar's claims are foreclosed by the waiver provision included in his plea agreement, and reasonable jurists would not find this Court's procedural finding fairly debatable. Further, the magistrate judge correctly concluded that Dunbar could not demonstrate a claim of ineffective assistance of counsel. Jurists of reason would not question the substantive conclusion reached by Magistrate Judge Ingram. Thus, Dunbar is not entitled to a Certificate of Appealability.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 112] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Marcella Lorenzo Dunbar's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 110] is **DENIED**. His claims are **DISMISSED**, with prejudice.

3. A Certificate of Appealability will not issue.

Dated: June 9, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky